**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAVIER JUAREZ,

  Petitioner-Appellant,

v.

MICHAEL A. NELSON, Warden, El Dorado Correctional Facility; PHILL KLINE, Attorney General of Kansas,

  Respondents-Appellees.

No. 03-3266
(D.C. No. 02-CV-3125-JAR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner-appellant Javier Juarez appeals from the district court's order denying his petition for habeas relief filed under 28 U.S.C. § 2254. We granted a certificate of appealablility (COA) on a single issue: whether Mr. Juarez's Sixth Amendment right to confront his four-year-old victim at trial had been violated by admission of her hearsay statements through the testimony of her mother and two police officers, given the Supreme Court's recent decision in *Crawford v. Washington*, 541 U.S. 36 (2004). We exercise jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253, and affirm.

## I

Following a jury trial, Mr. Juarez was convicted in Kansas state court of aggravated criminal sodomy. His conviction was affirmed on direct appeal and his subsequent state petition for post-conviction relief was denied. Mr. Juarez brought a habeas petition in federal district court, asserting violation of his Confrontation Clause rights.[1] The district court denied the petition.

## II

Federal applications for writs of habeas corpus may only be entertained on the ground that the applicant is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(d).

---

[1] The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"When applying the[] deferential AEDPA standards, we review the district court's legal analysis of the state court decision de novo . . . bearing in mind that . . . state court factual findings are presumptively correct and only to be rebutted by clear and convincing evidence." *Saiz v. Ortiz,* 392 F.3d 1166, 1176 (10th Cir. 2004) (internal quotation marks and citations omitted). "To determine the applicable 'clearly established' law [under § 2254(d)], we look to Supreme Court precedent as it existed when the state court reached its decision." *Brown v. Uphoff*, 381 F.3d 1219, 1224 n.4 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 940 (2005). When the Kansas appellate courts denied post-conviction relief, the controlling and "clearly established" Supreme Court cases relating to the interplay between rights under the Confrontation Clause and admission of hearsay evidence were *Ohio v. Roberts*, 448 U.S. 56 (1980), and *White v. Illinois*, 502 U.S. 346 (1992).

On appeal, Mr. Juarez first contends that, under *Roberts*, in order to admit the victim's hearsay statements without violating the Confrontation Clause, the victim had to be unavailable. Based on that contention, he argues that the state trial court's finding that the victim was unavailable for trial was an unreasonable determination and unsupported with evidence under state law because no expert testimony was presented on the issue. We disagree with Mr. Juarez's preliminary contention that a finding of unavailability was required by the Sixth Amendment.

Under *Roberts*, an out-of-court statement may be introduced against a defendant without violating the Confrontation Clause if it bears guarantees of trustworthiness such that "there is no material departure from the reason [for] the general rule" requiring confrontation. *Roberts*, 448 U.S. at 65 (internal quotation marks omitted). In *White*, the Supreme Court held that the Confrontation Clause did not require proof of the unavailability for trial of a four-year-old sexual-abuse victim in order to properly admit her hearsay statements. In so holding, the Supreme Court recognized that "*Roberts* contains language that might suggest that the Confrontation Clause generally requires that a declarant be produced at trial or be found unavailable before [her] out-of-court statement may be admitted into evidence." *Id*. at 347. The Supreme Court concluded, however, that such a reading was too expansive and that "*Roberts* [instead] stands for the proposition

that unavailability analysis is a necessary part of the Confrontation Clause inquiry only when the challenged out-of-court statements were made in the course of a prior judicial proceeding." *Id*. at 354.

There is no claim that the four-year-old victim's statements in this case were made in prior judicial proceedings. Mr. Juarez never challenged the reliability of the victim's hearsay statements. Therefore, Supreme Court precedent at the time the state proceedings concluded did not require a showing of her unavailability in order to admit her hearsay statements. Accordingly, the Kansas appellate court's holding that Mr. Juarez's Confrontation Clause rights were not violated is not contrary to, nor is it an unreasonable application of, the Supreme Court law available at the time of the Kansas decision. Federal habeas relief is thus unavailable under § 2254(d).

IV

In March 2004, the Supreme Court held that the Confrontation Clause requires hearsay "testimonial evidence" [2] to be supported by both a showing of "unavailability and a prior opportunity for cross-examination." *Crawford*, 541 U.S. at __, 124 S. Ct. at 1374. Because the Supreme Court's decision in *Crawford* abrogated, in part, the Court's prior decision in *Roberts*, we granted

---

[2] The Court described "testimonial evidence" to apply, "at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." *Crawford*, 541 U.S. at ___, 124 S. Ct. at 1374.

COA and ordered supplemental briefing on whether *Crawford* impacts our determination of Mr. Juarez's claim. We conclude that it does not.

After we granted COA and the briefing was completed, we issued our opinion in *Brown v. Uphoff*, 381 F.3d 1219 (10th Cir. 2004), *cert. denied*, 125 S. Ct. 940 (2005). As mentioned earlier in this order and judgment, we noted that we must apply the Supreme Court law existing at the time the state court reached its decision when analyzing the right to federal habeas relief. *See id*. at 1224 n.4. Thus, although "it is clear that the analytical approach announced in *Crawford* is a departure from that articulated in *Roberts* and its progeny," and that *Crawford* overruled the *Roberts'* standards for analyzing a Confrontation Clause claim when testimonial evidence is involved, *id.* at 1224, we may not consider *Crawford* under the standard of review we must follow in § 2254(d). [3]

Further, we also concluded in *Brown* that, although *Crawford* "announces a new rule of constitutional law," *id.* at 1226, it "is not a watershed decision and is, therefore, not retroactively applicable to initial habeas petition[s]," *id.* at 1227.

---

[3] Thus, although Respondent argues that *Crawford* is inapplicable because the victim's statements were not "testimonial" as defined in *Crawford*, we need not analyze the issue because *Crawford* may not be considered in determining whether the Kansas appellate court reasonably applied clearly-established Supreme Court law in the case at bar.

We AFFIRM the district court's order denying Mr. Juarez's petition for habeas relief.

                                        Entered for the Court


                                        Stephen H. Anderson
                                        Circuit Judge